UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE REYNOLDS,

    Petitioner,

v.

DAVID BERGH, *Warden*,

    Respondent.

Case No. 2:16-cv-10582
Honorable Laurie J. Michelson

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION TO DISMISS [6]**

A Michigan jury convicted Maurice Reynolds of two counts of second-degree murder and two counts of armed robbery—in 1987. Reynolds appealed and the Michigan Court of Appeals affirmed—in 1993. Reynolds would again challenge his conviction and sentence—but not until 2002.

Reynolds now asks this Court to issue a writ of habeas corpus. (R. 1.) Warden David Bergh moves to dismiss Reynolds' petition on the grounds that it comes too late. (R. 6.) As explained below, the Court agrees with Bergh that Reynolds' claims for a writ of habeas corpus are barred by the applicable statute of limitations. As such, Reynolds' petition will be dismissed.

**I.**

In 1987, following the jury's conviction, the state trial court sentenced Reynolds to life imprisonment with the possibility of parole for each of Reynolds' second-degree murder convictions and to 30 to 60 years in prison for each of Reynolds' armed robbery convictions. (*See* R. 1, PID 102–03.)

Reynolds challenged his convictions and sentences in various ways. He directly appealed to the Michigan Court of Appeals and that court affirmed in 1993. (*See* R. 6, PID 81.) It appears that Reynolds did not seek further relief until 2002, which was denied in 2003. (*See* R. 6, PID 85–86; R. 1, PID 2.) Reynolds then sought further post-conviction relief beginning in 2013. (*See* R. 6, PID 122–27.)

In February 2016, Reynolds filed the petition for habeas corpus now before this Court. (*See* R. 1.) Reynolds claims that, as a first-time offender, being sentenced to life, as opposed to an indeterminate time, violates his rights under the Due Process Clause and the Equal Protection Clause. (*See* R. 1, PID 19; R. 8, PID 1346.)

In August 2016, Warden Bergh moved to dismiss Reynolds' petition on statute of limitations grounds. (R. 6.)

## II.

As Reynolds' petition was filed after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act, AEDPA governs Reynolds' petition. *See Muniz v. Smith*, 647 F.3d 619, 622 (6th Cir. 2011). And under AEDPA, a petition for habeas corpus is time barred unless it is filed within one year of the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Regarding § 2244(d)(1)(A), the Michigan Court of Appeals affirmed Reynolds' conviction in 1993. And Reynolds does not contest the Warden's assertion that he did not seek leave to appeal that decision from the Michigan Supreme Court. As such, Reynolds' conviction became "final" well before the enactment of AEDPA. And when that is the case, prisoners "are afforded a one-year grace period, until April 24, 1997," to file their petition. *Turner v. Mills*, 219 F. App'x 425, 427 (6th Cir. 2007) (citing *Griffin v. Rogers*, 399 F.3d 626, 632 (6th Cir. 2005)). But Reynolds did not file his petition on or before April 24, 1997; he filed it almost 19 years later. And the tolling provision of § 2244(d)(2) (excluding the time during which a properly filed application for State post-conviction review is pending) is of no help to Reynolds, for he does not claim that he filed for state-court post-conviction relief prior to April 24, 1997.

In his response to the Warden's motion to dismiss on statute-of-limitations grounds, Reynolds does not claim that Michigan created any "impediment to filing" his petition for habeas corpus. *See* 28 U.S.C. § 2244(d)(1)(B). Nor does he claim that he recently discovered a factual predicate for habeas corpus relief. *See* 28 U.S.C. § 2244(d)(1)(D).

Instead, Reynolds relies heavily on the Supreme Court's decision in *Montgomery v. Louisiana*, — U.S. —, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016). He claims that *Montgomery* "thwarts" the Warden's claims that he is not entitled to statutory or equitable tolling. (R. 8, PID 1349.)

*Montgomery* is of no help to Reynolds. In that case, the Supreme Court held that (1) the Constitution itself mandates that new substantive rules of constitutional law be applied retroactively, *see* 136 S. Ct. at 729, and (2) that the prohibition on mandatory life-without-parole sentences for juvenile offenders announced in *Miller v. Alabama*, — U.S. —, 132 S. Ct. 2455,

183 L. Ed. 2d 407 (2012), was a new substantive rule of constitutional law, *see* 136 S. Ct. at 732. Although Reynolds was only 15 years old when he committed the crimes for which he was convicted (*see* R. 8, PID 1347), Reynolds was sentenced to life *with* parole (*see* R. 6, PID 102–03). So *Miller*'s rule, retroactive though it is, does not apply to Reynolds. And to the extent that Reynolds relies on *Montgomery*'s other rule, i.e., that the Constitution renders substantive rules retroactive, Reynolds makes no cogent argument as to why that rule (about how other rules are applied) is a new "constitutional right" within the meaning of § 2244(d)(1)(C). Finally, the Court fails to see how *Montgomery* helps Reynolds meet the stringent requirements of actual innocence, *see McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013), or equitable tolling, *see Holland v. Florida*, 560 U.S. 631, 649 (2010).

### III.

For the foregoing reasons, the Court finds that Reynolds' petition for habeas corpus is time barred. *See* 28 U.S.C. § 2244(d)(1).

To appeal that finding, Reynolds must obtain a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). And when, as here,

> the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not debate whether Reynolds' petition is time barred. So a certificate of appealability will not issue.

And should Reynolds nonetheless appeal, the Court does not believe that the appeal

4

would be in good faith. So the Court will not grant Reynolds leave to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3).

    SO ORDERED.

Dated: January 5, 2017

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 5, 2017.

s/Keisha Jackson
Case Manager